MAURICE BIEDERMAN, as Receiver in Supplementary Proceedings of MAGNETIC PAPER BOX CO., INC., Respondent, *v.* EDSON & COMPANY, INC., and Another, Appellants.

Supreme Court, Appellate Term, First Department, December 31, 1926.

Sales — conditional sale — unfiled conditional sale — levy made subsequently not prior lien where judgment creditor had notice of existence of conditional sale.   (Pers. Prop. Law, § 65.)

A levy by a judgment creditor on an automobile covered by an unfiled conditional sale contract with the judgment debtor, of which the judgment creditor had knowledge, has no priority over said contract under section 65 of the Personal Property Law, and, therefore, the conditional vendor is entitled to possession of the automobile until the payment of the judgment which it thereafter obtained in an action to foreclose its lien.

APPEAL by defendants from judgment of the Municipal Court, Borough of Manhattan, First District, awarding plaintiff possession of a certain automobile or for failure of delivery for its value in the sum of $150.

*Robert I. Rogin,* for the appellants.

*Max J. LeBoyer,* for the respondent.

PER CURIAM.   Although a levy appears to have been made under Iser's judgment on March 1, 1926, the evidence sufficiently indicates that the judgment creditor there and his attorney had notice at the time that title to the automobile had been reserved to defendant Edson & Company, Inc., under an unfiled conditional sale agreement with the judgment debtor. Consequently defendant Edson & Company, Inc., was entitled to possession of the automobile until payment of the judgment which it thereafter

obtained in its action to foreclose its vendor's lien. (See Pers. Prop. Law, § 65, as added by Laws of 1922, chap. 642.)

The judgment must, therefore, be reversed, with thirty dollars costs, and the complaint dismissed.

All concur; present, BIJUR, O'MALLEY and LEVY, JJ.